# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN ANTHONY CASTRO,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| *v.* | ) | Case No. _____ |
| | ) | |
| **ADAM J. CAMPBELL** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff John Anthony Castro (hereinafter "John Castro" or "Castro"), files this lawsuit against Adam J. Campbell (hereinafter "Adam Campbell" or "Campbell") on behalf of himself and alleges, by and through his attorney of record, as follows:

### JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §1332.

2. This is a suit arises under Texas State Law and is a claim for Defamation. The claim arises under Tex. Civ. Prac. & Rem. Code §73.

3. Venue is proper in this Court under 28 U.S.C. §1332(a) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

4. Specifically, the sum sought to be recovered is $1,200,000.00 in actual and compensatory damages.

### PARTIES

5. John Anthony Castro, is an individual, whose office address is 1701 Pennsylvania

Ave. NW, Suite 300, Washington, DC 20006.

6. Defendant Adam J. Campbell is an employee of GM Corporation. Adam Campbell may be served at his office located at 30001 Van Dyke Ave., Warren, MI 48093. Alternatively, Adam Campbell may be served at his home address 60655 Eyster Rd., Rochester, Michigan 48306

## FACTUAL ALLEGATIONS

7. John Anthony Castro is the founder and managing partner of a U.S. based International Tax law firm known as Castro & Co., LLC (hereinafter "Castro & Co.") that specializes in International Tax matters. Services provided by Castro & Co. to clients include: U.S. based Federal annual tax compliance, issuing tax opinions on complex International and Tax Treaty compliance issues, tax return amendments, tax planning and consulting, among other tax matters.

8. On or about May 2015, Defendant retained Castro to provide a tax opinion concerning the proper tax treatment of Defendant's Australian Superannuation Fund. Defendant additionally retained Castro to amend prior year tax returns and expressed a desire to work with Castro in the future on Defendant's annual United States tax compliance filings.

9. On or about May 11, 2015 Castro provided the Tax Opinion to Defendant. Subsequently, on or about June 8, 2015 Castro completed Defendant's amended return for the tax year ending December 31, 2014. On or about January 18, 2018 Castro completed Defendant's tax return for tax year ending December 31, 2016. Finally, on or about February 23, 2017 Castro completed Defendant's amended return for tax year ending December 31, 2015.

10. Early in 2017 Defendant contacted Castro requesting a personal loan from Castro in the amount of around $20,000 as Defendant had an outstanding debt obligation he needed to pay. Castro informed Defendant that there are ethical rules that would prevent the lending of

money from a law firm to its clients.

11.  Defendant was persistent in trying to get some form of help from Castro with respect to the debt. Castro informed Defendant that the firm could potentially help defendant through communicating with the lender and negotiating the balance of the debt. Defendant emailed Castro with information concerning the obligation on or about May 10, 2017; shortly thereafter, Castro informed Defendant that debt negotiation was outside the typical scope of the firm's work but that the firm is always willing to attempt to help their clients.

12.  Ultimately, Defendant decided to resolve the debt on his own and neither Castro, nor Castro & Co. was involved in the settling of this obligation.

13.  Later in 2017, Defendant was notified that he had failed to pay Michigan Income Taxes. Defendant quickly contacted Castro to discuss the tax liability and the penalty that had been assessed pursuant to the unpaid taxes.

14.  Castro noted that the tax return provided to Defendant clearly explained that there was a tax liability due and owing in the State of Michigan and provided instructions on how to handle the tax liability if it was not deducted directly from Defendant's bank account. Defendant was adamant that it was Castro's fault the tax had not been paid and that Defendant was being penalized for non-payment. Despite the tax liability being clearly spelled out in the tax return provided to Defendant Castro offered to fully cover the penalty leaving Defendant to simply cover the tax liability he would have had to cover in any case. However, Defendant was not satisfied with this offer by Castro and insisted that Castro cover the penalty and the tax for Defendant's failure to pay attention to his own tax return.

15.  At this time, Castro thought it best to terminate the relationship with Defendant and notified Defendant that Defendant was no longer a client of the firm and would need to find

different tax counsel to prepare and file his tax returns in future years. Additionally, Castro notified Defendant that Defendant would need to resolve his tax obligation on his own.

16. Early in 2018, as the 2017 tax season was about to commence Defendant was again notified that he was no longer a client of Castro & Co. and would need to look for another firm to handle his tax return.

17. On or about February 14, 2018, Defendant disseminated an email to coworkers in the GM Corporation who are current or potential clients of Castro & Co. In this email Defendant alleged Castro was a fraud, Castro had no legal ability to be filing tax returns, and that Castro was engaged in unethical and illegal activity.

18. This email was disseminated to at least 40 employees of GM Corporation. Many of whom are current clients of Castro & Co. along with others who are potential clients. Additionally, each client must be re-engaged on an annual basis for annual tax compliance and no client has a binding obligation that would force them to work with Castro & Co. on their taxes in any given tax year.

19. Defendant is well aware that clients from GM Corporation are a substantial source of revenue for Castro & Co. The email was disseminated with this knowledge and the intent to substantially harm Castro's reputation and cause Castro to lose business among Castro's GM Corporation clientele.

**COUNT I**
**(Defamation)**

20. The elements of a cause of action for defamation are (1) the defendant published a statement of fact, (2) the statement referred to the plaintiff, (3) the statement was defamatory, 4) the statement was false, (5) with regard to the truth of the statement, the defendant was acting with actual malice, and (6) the plaintiff suffered pecuniary injury. *In re Lipsky*, 460 S.W.3d 579, 593

(Tex. 2015).34. For a statement to be actionable in defamation, it must expressly or impliedly assert facts that are objectively verifiable. See *Benltey v. Bunton*, 94 S.W.3d 561, 579-81 (Tex. 2002); see also *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990). Defendant published a statement of fact when he initiated an email message among a number of GM Corporation employees with whom, he knew or should have known, Castro had and maintained business relationships. In an attempt to destroy Plaintiff's personal and business reputation, Defendant intimated that Castro was a fraud, Castro had no legal ability to be filing tax returns, and that Castro was engaged in unethical and illegal activity.

21.     To prove an action for defamation, the plaintiff must establish the statement published by the defendant was defamatory. A statement is considered libel per se if it was so obviously hurtful to the plaintiff that no proof of the statement's injurious character is required to make it actionable. *Meisel v. U.S. Bank*, 396 S.W.3d 675, 678 (Tex.App. – Dallas 2013, no pet.). A statement that injures a person in her office, profession, or occupation is considered libel per se. *Hancock v. Variyam*, 400 S.W.3d 59, 63-64 (Tex.2013). Defendant's statements that Castro was a fraud, Castro had no legal ability to be filing tax returns, and that Castro was engaged in unethical and illegal activity are unquestionably hurtful to Castro. The fact that Defendant published the statement to GM Corporation employees that both Defendant and Castro worked with clearly injured Castro in his profession.

22.     Defendant's statements that Castro was a fraud, Castro had no legal ability to be filing tax returns, and that Castro was engaged in unethical and illegal activity are undeniably false. Castro can and will show that none of Defendant's defamatory statements can be substantiated. Defendant knew or should have known this information this when he sent email message but Defendant sent the message anyway intending to destroy Castro's client base within the GM

Corporation.

23.

## DAMAGES

24. As a direct and/or proximate result of Defendant's wrongful conduct, Plaintiff has suffered actual, consequential and/or incidental monetary damages.

25. Plaintiff, John Anthony Castro, seeks an award of attorney's fees, litigation costs, administrative costs, expenses, and any other permissible amount to the furthest extent legally permissible under Texas Law.

26. Plaintiff, John Anthony Castro, seeks actual compensatory damages in the amount of $1,200,000.00 for the damage to Castro's reputation and business prospects at GM Corporation.

27. Plaintiff, John Anthony Castro, also seeks an award of $250,000 punitive damages for Defendant's malicious behavior in purposely attempting to damage Castro's reputation.

28. Plaintiff, John Anthony Castro, seeks judgement for such sums in addition to pre- and post- judgment interest, costs of court, and such other and any other relief to which he may be entitled.

## JURY DEMAND

29. Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff herein respectfully prays that Adam J. Campbell be cited to appear and answer, and that upon jury trial, he recover a judgement against Adam J. Campbell for all damages sought, including costs of court, prejudgment interest at the highest rate allowed by law, interest on the judgement at the highest legal rate from the date of judgment until collected, and any other relief, in law and in equity, to which he may be entitled.

PLAINTIFFS' ORIGINAL COMPLAINT
PAGE 6 OF 7

                    Respectfully submitted,

Dated: February 26, 2018

                    JOSHUA S. MILAM
                    Texas Bar No. 24102203
                    **CASTRO & CO., LLC**
                    J.Milam@CastroAndCo.com
                    13155 Noel Road, Suite 900
                    Dallas, TX 75240
                    Tel. (214) 998-9607
                    Fax: (866) 700-7595

                    **ATTORNEY FOR PLAINTIFF**